## Abstract of the Decision.

SET-OFF AND RECOUPMENT, § 6*—*when officer of a lodge entitled to set-off for amount paid for rent of building.* Where an officer of a lodge leased a building and paid the rent as it became due, sometimes out of money belonging to the lodge and at other times out of his own money, in which case he had presented bills therefor which were approved and allowed, and such arrangement continued for some time without objection by the lodge, and later such officer leased the building from the owner in his own name, notifying the lodge that it could use the building as it always had and that he was to receive the same rent as formerly, *held* in an action against him by the lodge for certain money collected from subtenants that he was entitled to a set-off for the amount he had paid for rent from his own money, it appearing that he had acted in good faith in paying the rent and fully expected to be reimbursed as he previously had and that there was an implied obligation on the part of the lodge to give him credit for such amount for the reason that the lodge had received the use of the building and the services of the officer in like capacity for years without objection.

## Joseph E. Helfrich, Appellee, v. John F. Scott, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Hancock county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed October 16, 1913.

### Statement of the Case.

Action by Joseph E. Helfrich against John F. Scott to recover upon a promissory note given by defendant to plaintiff. From a judgment in favor of plaintiff for $217.82, defendant appeals.

HARTZELL, CAVANAGH & BABCOCK, for appellant.

GEORGE V. HELFRICH, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

## Abstract of the Decision.

GAMING, § 18*—*when note given to take up check lost at gambling not given for gambling debt.* In an action on a promissory note, a plea setting up that the note was given for a gambling debt *held* no defense, it appearing that the note was given to plaintiff by defendant after plaintiff had been requested to take up a check lost by defendant at gambling with a third person, and the amount of the note included the face value of check and a meat bill owing to plaintiff by defendant.

## L. A. Clingan, Appellee, v. Cleveland, Cincinnati, Chicago and St. Louis Railway Company, Appellant.

1. CARRIERS, § 30*—*Carmack amendment to Interstate Commerce Act as affecting liability of carriers in interstate shipments.* Under the Carmack Amendment to Interstate Commerce Act it became the duty of interstate carriers to fix, publish and file with the Interstate Commerce Commission all rates for interstate shipment, and it would seem that it was the manifest intention of congress to take possession of the subject of liability of a carrier under contracts of interstate shipments and to supersede all State regulations in reference to that subject.

2. CARRIERS, § 158*—*contract limiting liability as affected by the Carmack Amendment to Interstate Commerce Act.* Under the provisions of the Carmack Amendment of the Interstate Commerce Act the limited liability contract agreeing to a valuation of the property in transportation is valid, and the shipper is conclusively presumed to know the terms of the bill of lading and the published rate filed with the Interstate Commerce Commission.

3. CARRIERS, § 239*—*when limitation of liability in contract for interstate shipment of live stock governs.* In an action against a railroad company to recover for the loss of a race horse shipped over defendant's road from a point in another State to a point in this State under a contract of shipment limiting defendant's liability to one hundred dollars, *held* that a judgment in favor of